**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**IN RE: CARTIVA SYNTHETIC CARTILAGE IMPLANT PRODUCT LIABILIY LITIGATION** — **MDL NO. 3172**, **ALL CASES**

# INITIAL MANAGEMENT ORDER

The United States Judicial Panel on Multidistrict Litigation ("Panel") has transferred to this Court for centralized pretrial proceedings actions that concern alleged defects in the Cartiva Synthetic Cartilage Implant.

Pursuant to Federal Rule of Civil Procedure 16.1(a), the Court held an initial management conference on August 26, 2026 (hereinafter "Initial Management Conference"). Prior to the Initial Management Conference, the Court ordered the parties to submit a report to the Court as required by Federal Rule of Civil Procedure 16.1(b) (Dkt. No. 15). On August 19, 2026, Alex C. Davis, with the firm Alex Davis Law Office PSC, and Randi Kassan, with the firm Milberg, PLLC, (hereinafter "Plaintiffs' Co-Lead Counsel") submitted to the Court a proposal addressing their request to be co-lead counsel for plaintiffs and a structure for the organization of plaintiffs' counsel (hereinafter "Plaintiffs' Report"). On that same date, Dana Ash and Sean Burke, with the firm Duane Morris LLP, (hereinafter "Defendants' Co-Lead Counsel") submitted to the Court a proposal to be co-lead counsel for defendants and a memorandum in connection with initial organizational meeting (hereinafter "Defendants' Report"). The Court enters this Order to address matters discussed during the Initial Management Conference and in Plaintiffs' and Defendants' Reports.

## I. Leadership Counsel

### A. Plaintiffs' MDL Liaison Counsel

In Plaintiffs' Report, Plaintiffs' Co-Lead Counsel recommend appointing MDL Liaison Counsel. Without objection from anyone attending the Initial Management Conference, the Court appoints Paul James of Little Rock, Arkansas, with the firm James & Carter, PLC, to serve as Plaintiffs' MDL Liaison Counsel. James is tasked with the following:

1. To receive orders and notices from this Court and from the JPML on behalf of all plaintiffs;
2. To the extent certain orders and notices are not available electronically to all parties, to prepare and transmit copies of such orders and notices to such parties electronically within three days after receipt, unless such service has been waived in writing by a receiving counsel or is otherwise achieved through CM/ECF;
3. To maintain and make available upon request to all counsel and the Court an up-to-date service list of plaintiffs' counsel;
4. To serve a copy of the most recent pretrial order to plaintiff's counsel appearing in each new action upon removal, transfer, or consolidation into this MDL; it shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court;
5. To maintain complete files with copies of all documents served upon MDL Liaison Counsel and to make such files available to parties upon request; and
6. To perform other responsibilities as may be deemed appropriate by Plaintiffs' MDL Co-Lead Counsel or Plaintiffs' MDL Steering Committee, including but not limited to scheduling leadership meetings and keeping minutes thereof, preparing agendas for

status conferences and/or reporting on the status of the case as requested by the Court, and performing other necessary administrative or logistical functions for the effective and efficient functioning of the MDL.

**B. Plaintiffs' MDL Co-Lead Counsel**

Without objections from anyone attending the Initial Management Conference, the Court appoints Alex C. Davis, with the firm Alex Davis Law Office PSC, and Randi Kassan, with the firm Milberg, PLLC, to serve as Plaintiffs' Co-Lead Counsel in this MDL Davis and Kassan are tasked with the following:

1. To schedule meetings, provide agenda items, assign work, and follow-up on work assignments to make sure that work is conducted in a timely fashion;
2. To determine and present in pleadings, motions, briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of plaintiffs on all matters arising during the pretrial proceedings in this MDL and in response to any inquiries by the Court, subject to the terms set forth in this Order with respect to the right of any plaintiff's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;
3. To direct and execute on behalf of plaintiffs the filing of pleadings and other documents with the Court, subject to the terms set forth in this Order with respect to the right of any plaintiff's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;

4. To appear at hearings and conferences regarding the MDL as most appropriate for effective and efficient prestation, while avoiding unnecessary expense;
5. To initiate, coordinate, and conduct all types of discovery on behalf of plaintiffs in this MDL consistent with the Federal Rules of Civil Procedure, including but not limited to the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;
6. To seek the assistance of other plaintiff's counsel, including but not limited to other attorneys selected to be members of Plaintiffs' MDL Steering Committee, in the performance of all work necessary for the pretrial preparation of the case, including investigation, research, briefing, and discovery, with particular attention to using efficiently the resources of other plaintiffs' counsel in a manner commensurate with those lawyers' resources and experience, and in a manner to ensure efficiency and effectiveness;
7. To make all work assignments on behalf of plaintiffs in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;
8. To negotiate and enter into stipulations and agreements with opposing counsel as necessary throughout the pretrial proceedings in this MDL, including discovery, mediation, and other pretrial matters, subject to the terms set forth in this Order with respect to the right of any plaintiff's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;
9. To consult with and employ experts as necessary;

10. To conduct pretrial settlement negotiations on behalf of all plaintiffs as necessary;
11. To prepare and distribute periodic status reports to the Court, as requested, and to the parties;
12. To develop and recommend for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitor and administer such procedures; and
13. To otherwise direct, coordinate, and supervise the pretrial preparation of plaintiffs' claims in this MDL and to perform such other duties as may be needed for proper coordination of plaintiffs' pretrial activities and prosecution of the claims or as may be further directed by the Court.
14. Unless granted relief from or a modification of the terms of this Order by the Court, no papers shall be served or filed, no arguments raised with the Court, and no process, discovery, or other procedure shall be commenced by any plaintiff's counsel other than Plaintiffs' MDL Co-Lead Counsel or their designee(s), with the exception of: (1) entries or withdrawals of appearance; (2) motions to remand to state court; and (3) briefs responding to defense motions filed in the individual cases. This is intended to prevent duplication of pleadings, discovery, or tasks by plaintiff's counsel. Any attorney may file other motions for relief from or to modify this or any other Order of the Court, but counsel are cautioned that they should do so only if there is a matter of utmost importance that they have already unsuccessfully sought to have raised by Plaintiffs' MDL Co-Lead Counsel.
15. All stipulations entered into by Plaintiffs' MDL Co-Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and

will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten days after service by Plaintiffs' MDL Liaison Counsel or Plaintiffs' MDL Co-Lead Counsel of the stipulation. Failure to object within the term allowed may be deemed a waiver, and the stipulation will be binding on that party.

Plaintiffs' MDL Co-Lead Counsel shall exercise the authority granted by the Court cooperatively with other members of the Plaintiffs' MDL Steering Committee.

**C. Plaintiffs' MDL Steering Committee**

Co-Lead Counsel recommend the appointment of an MDL Steering Committee. Without objection from those in attendance at the Initial Management Conference, the Court appoints Justin Presnal of Harrison Davis Morrison Jones; Mathew Siporin of Pullano & Siporin; D. Aaron Rihn of Robert Peirce & Associates, P.C.; Gabriel Assaad of McDonald Worley, P.C.; Andrew Schwaba of Schwaba Law Firm; Joshua Kincannon of Wilentz, Goldman & Spitzer, P.A.; Ken Moll of Moll Law Group; and Meghan Connolly of Tittle & Perlmuter to serve as Plaintiff's MDL Steering Committee. The members of Plaintiff's MDL Steering Committee shall work to support any projects necessary to move the litigation forward; participate in duties such as discovery, ESI, drafting, arguing motions, and making presentations to the Court; and support Plaintiffs' MDL Co-Lead Counsel. Plaintiff's MDL Steering Committee shall also perform any other tasks deemed necessary and proper to accomplish their responsibilities, including jury trials.

**D. Proposed Fee And Compensation Structure**

The Court will set a deadline for Plaintiffs' Co-Lead Counsel to submit to the Court for consideration a more detailed proposal related to fees and compensation structure, which are

referenced in the Plaintiffs' Report. The Court anticipates at the October 8, 2026, conference setting a future deadline for this proposal.

### E. Defendants' MDL Liaison Counsel

Defendants' Co-Lead Counsel recommend that the Court appoint MDL Liaison Counsel. Without objection from those present at the Initial Management Conference, the Court appoints Sean Burke at Duane Morris LLP as Defendants' MDL Liaison Counsel. Burke is tasked with the following:

1. To receive orders and notices from this Court and from the JPML on behalf of all defendants;
2. To the extent certain orders and notices are not available electronically to all parties, to prepare and transmit copies of such orders and notices to such parties electronically within three days after receipt, unless such service has been waived in writing by a receiving counsel or is otherwise achieved through CM/ECF;
3. To maintain and make available upon request to all counsel and the Court an up-to-date service list of defendants' counsel;
4. To serve a copy of the most recent pretrial order to defendants' counsel appearing in each new action upon removal, transfer, or consolidation into this MDL; it shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court;
5. To maintain complete files with copies of all documents served upon MDL Liaison Counsel and to make such files available to parties upon request;
6. To establish and maintain a document depository; and

7. To perform other responsibilities as may be deemed appropriate by Defendants' MDL Co-Lead Counsel, including but not limited to scheduling leadership meetings and keeping minutes thereof, preparing agendas for status conferences and/or reporting on the status of the case as requested by the Court, and performing other necessary administrative or logistic functions for the effective and efficient functioning of the MDL.

**F. Defendants' MDL Co-Lead Counsel**

The Court appoints Ash and Burke at Duane Morris LLP as Defendants' Co-Lead Counsel in this MDL for the Cartiva, Inc. defendants. Ash and Burke are tasked with the following:

1. To schedule meetings, provide agenda items, assign work, and follow-up on work assignments to make sure that work is conducted in a timely fashion;
2. To determine and present in pleadings, motions, briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of defendants on all matters arising during the pretrial proceedings in this MDL and in response to any inquiries by the Court, subject to the terms set forth in this Order with respect to the right of any defendant's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;
3. To direct and execute on behalf of defendants the filing of pleadings and other documents with the Court, subject to the terms set forth in this Order with respect to the right of any defendant's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;

4. To appear at hearings and conferences regarding the MDL as most appropriate for effective and efficient presentation, while avoiding unnecessary expense;

5. To initiate, coordinate, and conduct all types of discovery on behalf of defendants in this MDL consistent with the Federal Rules of Civil Procedure, including but not limited to the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

6. To make all work assignments on behalf of defendants in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

7. To negotiate and enter into stipulations and agreements with opposing counsel as necessary throughout the pretrial proceedings in this MDL, including discovery, mediation, and other pretrial matters, subject to the terms set forth in this Order with respect to the right of any defendant's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;

8. To consult with and employ experts as necessary;

9. To conduct pretrial settlement negotiations on behalf of all defendants as necessary;

10. To prepare and distribute periodic status reports to the Court, as requested, and to the parties;

11. To develop and recommend for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitor and administer such procedures; and

12. To otherwise direct, coordinate, and supervise the pretrial preparation of defendants' defense to claims in this MDL and to perform such other duties as may be needed for proper coordination of defendants' pretrial activities and defense of the claims or as may be further directed by the Court.

13. Unless granted relief from or a modification of the terms of this Order by the Court, no papers shall be served or filed, no arguments raised with the Court, and no process, discovery, or other procedure shall be commenced by any defendant's counsel other than Defendants' MDL Co-Lead Counsel or their designee(s), with the exception of: (1) entries or withdrawals of appearance; (2) motions to remand to state court; and (3) briefs responding to defense motions filed in the individual cases. This is intended to prevent duplication of pleadings, discovery, or tasks by defendants' counsel. Any attorney may file other motions for relief from or to modify this or any other Order of the Court, but counsel are cautioned that they should do so only if there is a matter of utmost importance that they have already unsuccessfully sought to have raised by Defendants' MDL Co-Lead Counsel.

14. All stipulations entered into by Defendants' MDL Co-Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten days after service by Defendants' MDL Liaison Counsel or Defendants' MDL Co-Lead Counsel of the stipulation. Failure to object within the term allowed may be deemed a waiver, and the stipulation will be binding on that party.

### G. Other Matters

The appointment to these positions is of a personal nature. Accordingly, an appointee may not substitute others to perform the functions indicated. This is not intended to prevent appointees from delegating tasks or making assignments of particular work. The tasks, however, must remain under the appointee's supervision and responsibility, and the appointee may not transfer responsibility without prior Court approval for good cause shown. Further, the Court reserves the right to evaluate and replace, if necessary and with appropriate notice and opportunity to be heard, any appointee during the course of this litigation.

The communication of information among and between counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney work product, and cooperative efforts contemplated above shall not in any way be used against any party by any other party. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

This Order applies to each member related case previously transferred to, removed to, or consolidated into this MDL. In cases subsequently transferred to, removed to, or consolidated into this MDL, Plaintiffs' MDL Liaison Counsel is directed to serve a copy of the most recent pretrial order to plaintiff's counsel appearing in each new action upon removal, transfer, or consolidation. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court. The Orders may be accessed through the CM/ECF system or the Court's website at www.are.uscourts.gov/multidistrict-litigation-3172.

## II. Additional Management Conferences With The Court

The Court will hold periodic status hearings with the parties to update the Court on the status of the MDL. The Court will hold a telephone status hearing with the parties on October 8,

2026, at 1:30 p.m. Central Time in Courtroom 4D to follow-up on matters discussed during the Initial Management Conference. At the Initial Management Conference, the Court asked counsel to continue to confer regarding whether the parties could reach agreement as to whether, and if so how, to proceed regarding: (1) explant preservation; (2) a uniform complaint, a template for a complaint, or neither; (3) direct filing in the MDL; (4) a tolling agreement; (5) service issues; and (6) identification of state cases and other cases pending in other forums or jurisdictions. The parties are instructed to submit updated position statements on these issues, as well as any other information the parties would like for the Court to consider, by October 1, 2026.

The Court anticipates at the October 8, 2026, conference setting a future deadline for initial motions or responsive pleadings to be filed by defendants.

So ordered this 31st day of August, 2026.

Kristine G. Baker
Chief United States District Court Judge